IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WALID H. ABDULLA,                        |

    Plaintiff,                          |

v.                                       |    CASE NO. 22-CV-03970

UNITED STATES, Federal Government        |
Of the United States of America,         |
MERRICK B. GARLAND, Attorney             |
General of the United States,            |
FEDERAL BUREAU OF PRISONS, DR.           |
WILLIAM WATSON, JOHN DOE, and JANE       |
DOE,                                     |

    Defendants.                         |

_____

## FIRST AMENDED COMPLAINT AT LAW

NOW COMES PLAINTIFF, WALID H. ABDULLA, through his attorney, ANDERSON LAW, LLC, and complains of medical malpractice and negligence against DEFENDANT UNITED STATES, Federal Government of the United States of America, DEFENDANT, MERRICK B. GARLAND, Attorney General of the United States, DEFENDANT, FEDERAL BUREAU OF PRISONS, DEFENDANT, DR. WILLIAM WATSON, DEFENDANT, JOHN DOE, and DEFENDANT, JANE DOE. In support thereof, Plaintiff states as follows:

### INTRODUCTION

1. This complaint arises out of damages related to the failure to treat Plaintiff's numerous chronic and acute injuries and aliments while in the custody of the United States.

### IDENTIFICATION OF PARTIES, JURISDICTION, VENUE, AND SERVICE

2. Plaintiff incorporates and re-alleges paragraph one (1) as if fully set out herein.

3. At all times material to this Complaint, it is believed that all facts and circumstances giving rise to this Complaint occurred in Pahrump, Nevada; Lompoc, California; and Chicago, Illinois.

4. At the time of this Complaint Plaintiff, Walid H. Abdulla (hereinafter "Plaintiff"), was a resident of the Village of Orland Park, Cook County, Illinois; and can be served with any and all documents related to this Complaint through his attorney: Anderson Law, LLC, PO Box 408642, Chicago, Illinois, 60640.

5. Defendant United States ("Defendant U.S.") is the federal government of the United States of America incorporated under the United States Consitution. Defendant U.S. may be served with this Complaint at the Department of Justice in Washington D.C.

6. Defendant U.S. provided medical services throughout various facilities including the Southern Nevada Detention Center, Lompoc Federal Correctional Institution, and Residential Reenter Center in Chicago, Illinois. Defendant U.S. owned, operated, maintained, managed, controlled, funded, staffed, and/or employed workers to operate its prison facilities which provides medical services to inmates. Defendant U.S. is responsible under respondeat superior for the conduct of its employees and/or agents.

2

7.  Defendant, Merrick B. Garland, Attorney General of the United States (hereinafter "Defendant Attorney General"), served by appointment in the Department of Justice. Defendant Attorney General is the head of the Department of Justice and is responsible for the operation, policies, practices, maintenance, and/or management of federal jails and prisons. Defendant Attorney General can be served with this Complaint at the Department of Justice in Washington D. C.

8.  Defendant Attorney General is being sued in his official capacity. Defendant Attorney General works collaboratively with Defendant U.S., and/or Defendant, Federal Bureau of Prisons, and/or Defendant, Dr. William Watson to provide medical care to the inmates of the federal prison system. Defendant Attorney General is responsible under respondeat superior for the conduct of its employees and/or agents.

9.  Defendant, Federal Bureau of Prisons (hereinafter "Defendant Federal Prison"), is responsible for the operation, policies, practices, maintenance, and/or management of federal jails and prisons. Defendant Federal Prison can be served with this Complaint at the Department of Justice in Washington D. C.

10. Defendant Federal Prison is being sued in its official capacity. Defendant Federal Prison works collaboratively with Defendant Attorney General, and/or Defendant, Dr. William Watson to provide medical care to the inmates of the federal

3

prison system. Defendant Federal Prison is responsible under respondeat superior for the conduct of its employees and/or agents.

11. Defendant, Dr. William Watson (hereinafter "Defendant Watson"), is and/or was an employee and/or agent and/or independent contractor of Defendant Attorney General and/or Defendant Federal Prison and a licensed medical doctor. Defendant Watson is being sued in his individual capacity. At the time of the incident in this complaint Defendant Watson was engaged in the complained of conduct while acting within his rights and privileges as a licensed medical doctor, rights and privileges granted by Defendant Attorney General and/or Defendant Federal Prison, and under color of state law. Plaintiff does not have a service address for this Defendant at this time.

12. Defendant John Doe is and/or was an employee and/or agent and/or independent contractor of Defendant U.S., and/or Defendant Attorney General, and/or Defendant Federal Prison and a licensed medical professional. At the time of the incident in this complaint Defendant John Doe was engaged in the complained of conduct while acting within his/her rights and privileges as a licensed medical professional, rights and privileges granted by Defendant U.S., and/or Defendant

Attorney General, and/or Defendant Federal Prison, and under color of state law.

13. Defendant Jane Doe is and/or was an government agency and/or facility, and/or hospital, and/or clinic. At the time of the incident in this complaint Defendant Jane Doe was engaged in the complained of conduct while acting within its rights and privileges granted by Defendant U.S., and/or Defendant Attorney General, and/or Defendant Federal Prison, and/or federal law and under color of state law.

14. Venue is proper in the Northern District of Illinois pursuant to federal statute 28 U.S. Code § 1402(a)(2) as the Plaintiff resides in Cook County, Illinois.

## FACTUAL ALLEGATIONS

15. Plaintiff incorporates and re-alleges paragraphs one (1) through fourteen (14), as if fully set out herein.

16. In March, 2017, Plaintiff was taken into custody by the United States Marshal Service.

17. At the time Plaintiff was detained he had a history of glaucoma.

18. Plaintiff complained to jail staff and medical staff that he had not been given his prescribed eye drops.

19. Plaintiff also complained to his then attorney Federal Public Defender Raquel Lazo; and she tried to get the U.S. Marshals

to get Plaintiff to a doctor before she was ultimately discharged.

20. Plaintiff was not taken to an opthamologist until July, 2017; at that doctor's visit he was finally given his medicated eye drops.

21. On April 17, 2019 Plaintiff filed an Informal Remedy Request stating his eyes issues had worsened and his pain was keeping him up at night.

22. On April 19, 2019, Plaintiff received an Informal Resolution that read in part "[you were] prescribed new pain medication to include acetaminophen and carbamazephine. Your compliance with taking your medication is 50%. For your presecirptions to be effective you must consistently take your medication as prescribed. However, if after taking your medication, as directed, for 30 to 60 days, and have no relief, you can return to sick call during assigned."

23. Plaintiff notes the new pain medication was not scheduled to start until April 20, 2019, but Plaintiff's chief complaint of wanting to be examined by a doctor was ignored.

24. On April 19, 2019, Plaintiff filed a formal "Request for Administrative Relief" stating his medical condition was getting progressively worse.

25. On June 12, 2019, Plaintiff received a formal response from Warden Felipe Martinez, stating in part, "On April 3, 2019,

a physician assistant evaluated you for pain in your right arm and neck medication was prescribed for pain include acetaminophen and carbamazepine…On May 6, 2019, the ophthalmologist evaluated you for a follow-up to your diagnosis of glaucoma. At that encounter, you were encouraged to continue using the Latanoprost and Timolol eye drops and to return for further treatment. A review of your medical record reveal you are only 75% compliant with refilling your medications timely. Please follow the recommendations of your primary care provider and specialist in order to manage your symptoms appropriately."

26. Plaintiff notes the carbamazepine, did not start until April 20, 2019; and Plaintiff's request to see a specialist was ignored. Moreover, the warden did not mention in addition to the Latanoprost and Timolol, the ophthalmologist prescribed Simbrinza.

27. Plaintiff responded to the Warden by stating "Pain killers alone **CANNOT FIX THE PROBLEM.** I need to be seen by a doctor who specializes in providing the required treatment."

28. Plaintiff also notes that at that May 6, 2019, consult with the ophthalmologist he noted the glaucoma in Plaintiff's left eye was at a severe stage.

29. Plaintiff also explained he had difficulty getting to the morning "pill line" because of pain in his legs, which was

7

worse in the morning, and poor eye sight; this was partially noted by Defendant Watson on November 12, 2019.

30. On June 16, 2018, Plaintiff had an abnormal electrocardiogram that revealed a possible block in Plaintiff's heart.

31. On July 6, 2018, Plaintiff had a another abnormal electrocardiogram that revealed his left ventricle artery was enlarged.

32. Blood thinners were suggested but it is not clear if Plaintiff was ever given the medication.

33. On September 30, 2019, Defendant Watson stated Plaintiff "appears to be feigning illness, while not submitting to proper imaging which was previously ordered…he has minimal pain right elbow and left knee, which he magnifies to try to gain additional consideration for Rx."

34. On August 17, 2021, Plaintiff was asked by Correctional Officer Vargas, "You look like one of Osama Bin Laden terrorist fighters like the ones in Gitmo. Are you that?"

35. Plaintiff complained once he was transferred to a half-way house in Chicago, Illinois that he could not eat the food provided by facility because of his religious restrictions and limitations.

36. On November 22, 2021, Plaintiff experienced chest pains and had to be transported to the Emergency Department at Norwegian Hospital.

37. Plaintiff explained to medical staff that he was having problems eating because he could not eat the food at his facility.

38. Nothing in the record at this time shows the Defendant Federal Prison ever made an attempt to accommodate Plaintiff's dietary restrictions; and eventually Defendant Federal Prison determined Plaintiff was a "Program Failure."

39. On November 25, 2021, Defendant Federal Prison transferred Plaintiff back to federal prison, where he was told he must complete the rest of his sentence.

40. Plaintiff sent Defendant Attorney General a Claim for Damage due to Injury or Death; and in a July 23, 2021 letter Defendant Attorney General accepted some of Plaintiff's claims, but as of this filing had not made a final determination.

## COUNT I
## DEFENDANT U.S.
## VIOLATION OF PLAINTIFF'S EIGHTH AMENDMENT RIGHTS

41. Plaintiff incorporates and re-alleges paragraphs one (1) through forty (40), as if fully set out herein.

42. The Eight Amendment of the Constitution states in part "cruel and unusual punishments [shall not be] inflicted."

43. Defendant U.S. violated Plaintiff's Eighth Amendment Rights by objectively being aware Plaintiff's condition was not improving with its plan of treatment, and that Plaintiff was

9

such in need of further treatment that even someone who is not a doctor would know Plaintiff needed further treatment, and that Defendant U.S. acted with deliberate indifference to Plaintiff's condition, pain, and abnormal gait and loss of vision in choosing its course of treatment.

44. As a direct and proximate cause of Defendant U.S.'s aforementioned negligence, Plaintiff suffered personal and pecuniary injuries, including but not limited to, unnecessary pain and suffering, emotional distress, mental anguish, and irreversible loss of vision.

45. Federal Statute 42 U.S.C. § 1983 states in part "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law…"

WHEREFORE PLAINTIFF, WALID H ABDULLA, demands judgment against DEFENDANT, UNITED STATES, the federal government of the United States of America, in an amount in excess of one Hundred Thousand Dollars ($100,000) and any further relief the Court deems just and proper.

## COUNT II
## DEFENDANT U.S.
## NEGLIGENCE

10

46. Plaintiff incorporates and re-alleges paragraphs one (1) through forty-five (45), as if fully set out herein.

47. At all relevant times, Defendant U.S. owned, operated, maintained, managed, controlled, funded, staffed, and/or employed workers to operate its federal prison facilities.

48. At all relevant times, Defendant U.S. had officers, correctional officers, deputies, and other personnel, to provide for the safety and security of inmates of the federal prisons, and the aforementioned personnel were duly authorized agents, apparent agents, independent contractors, contractors, and/or employees of Defendant U.S., acting within the scope of their agency, contract, and/or employment.

49. Defendant U.S. owed Plaintiff a duty of ordinary care.

50. Defendant U.S. breached its duty of ordinary care by:

   a. Failing to notify medical staff at the federal prison that Plaintiff's condition was deteriorating;

   b. Failing to assist Plaintiff in getting his medication;

   c. Failing to provide Plaintiff with a proper diet; and

   d. Failing to respond accurately and urgently to Plaintiff's complaints about his medical care.

51. As a direct and proximate cause of Defendant U.S.'s aforementioned negligence, Plaintiff suffered personal and

pecuniary injuries, including but not limited to, unnecessary pain and suffering, emotional distress, and mental anguish.

WHEREFORE PLAINTIFF, WALID H ABDULLA, demands judgment against DEFENDANT, UNITED STATES, the federal government of the United States of America, in an amount in excess of One Hundred Thousand Dollars ($100,000) and any further relief the Court deems just and proper.

**COUNT III**
**DEFENDANT ATTORNEY GENERAL**
**VIOLATION OF PLAINTIFF'S EIGHTH AMENDMENT RIGHTS**

52. Plaintiff incorporates and re-alleges paragraphs one (1) through fifty-one (51), as if fully set out herein.

53. The Eight Amendment of the Constitution states in part "cruel and unusual punishments [shall not be] inflicted."

54. Defendant Attorney General violated Plaintiff's Eighth Amendment Rights by objectively being aware Plaintiff's condition was not improving with its plan of treatment, and that Plaintiff was such in need of further treatment that even someone who is not a doctor would know Plaintiff needed further treatment, and that Defendant Attorney General acted with deliberate indifference to Plaintiff's condition, pain, and abnormal gait and loss of vision in choosing its course of treatment.

55. As a direct and proximate cause of Defendant Attorney General's aforementioned negligence, Plaintiff suffered personal and pecuniary injuries, including but not limited

12

to, unnecessary pain and suffering, emotional distress, mental anguish, and irreversible loss of vision.

56. Federal Statute 42 U.S.C. § 1983 states in part "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law…"

WHEREFORE PLAINTIFF, WALID H ABDULLA, demands judgment against DEFENDANT, MERRICK B. GARLAND, Attorney General of the United States, in an amount in excess of One Hundred Thousand Dollars ($100,000) and any further relief the Court deems just and proper.

## COUNT IV
### DEFENDANT ATTORNEY GENERAL
### NEGLIGENCE

57. Plaintiff incorporates and re-alleges paragraphs one (1) through fifty-six (56), as if fully set out herein.

58. At all relevant times, Defendant Attorney General owned, operated, maintained, managed, controlled, funded, staffed, and/or employed workers to operate its federal prison facilities.

59. At all relevant times, Defendant Attorney General had officers, correctional officers, deputies, and other personnel, to provide for the safety and security of inmates

13

of the federal prisons, and the aforementioned personnel were duly authorized agents, apparent agents, independent contractors, contractors, and/or employees of Defendant Attorney General, acting within the scope of their agency, contract, and/or employment.

60. Defendant Attorney General owed Plaintiff a duty of ordinary care.

61. Defendant Attorney General breached its duty of ordinary care by:

    a. Failing to notify medical staff at the federal prison that Plaintiff's condition was deteriorating;

    b. Failing to assist Plaintiff in getting his medication;

    c. Failing to provide Plaintiff with a proper diet; and

    d. Failing to respond accurately and urgently to Plaintiff's complaints about his medical care.

62. As a direct and proximate cause of Defendant Attorney General's aforementioned negligence, Plaintiff suffered personal and pecuniary injuries, including but not limited to, unnecessary pain and suffering, emotional distress, and mental anguish.

WHEREFORE PLAINTIFF, WALID H ABDULLA, demands judgment against DEFENDANT, MERRICK B. GARLAND, Attorney General of the United States, in an amount in excess of One Hundred Thousand Dollars ($100,000) and any further relief the Court deems just and proper.

14

**COUNT V**
**DEFENDANT FEDERAL PRISON**
**VIOLATION OF PLAINTIFF'S EIGHTH AMENDMENT RIGHTS**

63. Plaintiff incorporates and re-alleges paragraphs one (1) through sixty-second (62), as if fully set out herein.

64. The Eight Amendment of the Constitution states in part "cruel and unusual punishments [shall not be] inflicted."

65. Defendant Federal Prison violated Plaintiff's Eighth Amendment Rights by objectively being aware Plaintiff's condition was not improving with its plan of treatment, and that Plaintiff was such in need of further treatment that even someone who is not a doctor would know Plaintiff needed further treatment, and that Defendant Federal Prison acted with deliberate indifference to Plaintiff's condition, pain, and abnormal gait and loss of vision in choosing its course of treatment.

66. As a direct and proximate cause of Defendant Federal Prison's aforementioned negligence, Plaintiff suffered personal and pecuniary injuries, including but not limited to, unnecessary pain and suffering, emotional distress, mental anguish, and irreversible loss of vision.

67. Federal Statute 42 U.S.C. § 1983 states in part "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen

of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law…"

WHEREFORE PLAINTIFF, WALID H ABDULLA, demands judgment against DEFENDANT, FEDERAL BUREAU OF PRISONS, in an amount in excess of One Hundred Thousand Dollars ($100,000) and any further relief the Court deems just and proper.

## COUNT VI
## DEFENDANT FEDERAL BUREAU OF PRISONS
## NEGLIGENCE

68. Plaintiff incorporates and re-alleges paragraphs one (1) through sixty-seven (67), as if fully set out herein.

69. At all relevant times, Defendant Federal Prison owned, operated, maintained, managed, controlled, funded, staffed, and/or employed workers to operate its federal prison facilities.

70. At all relevant times, Defendant Federal Prison had officers, correctional officers, deputies, and other personnel, to provide for the safety and security of inmates of the federal prisons, and the aforementioned personnel were duly authorized agents, apparent agents, independent contractors, contractors, and/or employees of Defendant Federal Prison, acting within the scope of their agency, contract, and/or employment.

71. Defendant Federal Prison owed Plaintiff a duty of ordinary care.

72. Defendant Federal Prison breached its duty of ordinary care by:

    a.  Failing to notify medical staff at the federal prison that Plaintiff's condition was deteriorating;

    b.  Failing to assist Plaintiff in getting his medication;

    c.  Failing to provide Plaintiff with a proper diet; and

    d.  Failing to respond accurately and urgently to Plaintiff's complaints about his medical care.

73. As a direct and proximate cause of Defendant Federal Prison's aforementioned negligence, Plaintiff suffered personal and pecuniary injuries, including but not limited to, unnecessary pain and suffering, emotional distress, and mental anguish.

    WHEREFORE PLAINTIFF, WALID H ABDULLA, demands judgment against DEFENDANT, FEDERAL BUREAU OF PRISONS, in an amount in excess of One Hundred Thousand Dollars ($100,000) and any further relief the Court deems just and proper.

## COUNT VII
## DEFENDANT WATSON
## MEDICAL MALPRACTICE

74. Plaintiff incorporates and re-alleges paragraphs one (1) through seventy-three (73), as if fully set out herein.

75. At all relevant times, Defendant Watson was a physician providing medical care to inmates in federal prison.

17

76. At all relevant times, Defendant Watson was a duly authorized agent, apparent agent, contractor, independent contractor, and/or employee of Defendant U.S., and/or Defendant Attorney General, and/or Defendant Federal Prison, and was acting within the scope of his agency, contract, and/or employment.

77. Defendant Watson owed Plaintiff a duty of professional care.

78. Defendant Watson breached his duty of professional care by:

    a. Failing to perform a more extensive exam on Plaintiff's knee, back, and arm;

    b. Failing to properly diagnose Plaintiff medical conditions were getting worse;

    c. Failing to provide appropriate and proper follow up care;

    d. Failing to properly communicate with the staff at the McLean County Jail that Plaintiff needed help obtaining his medication;

    e. Exposed Plaintiff to further injury by unreasonably delaying to properly treat Plaintiff numerous aliments; and

    f. Caused Plaintiff to suffer unnecessary pain by unreasonably delaying to properly treat Plaintiff's numerous aliments.

79. As a direct and proximate cause of Defendant Watson's aforementioned professional negligence, Plaintiff suffered personal and pecuniary injuries, including but not limited to, unnecessary pain and suffering, emotional distress, and mental anguish, and loss of vision.

WHEREFORE PLAINTIFF, WALID H ABDULLA, demands judgment against DEFENDANT, DR. WILLIAM WATSON, in an amount in excess of

18

One Thousand Dollars ($100,000) and any further relief the Court deems just and proper.

## COUNT VIII
## DEFENDANT JOHN DOE
## MEDICAL MALPRACTICE

80. Plaintiff incorporates and re-alleges paragraphs one (1) through eighty (80), as if fully set out herein.

81. At all relevant times, Defendant John Doe was a licensed medical professional providing medical care to inmates in federal prison.

82. At all relevant times, Defendant John Doe was a duly authorized agent, apparent agent, contractor, independent contractor, and/or employee of Defendant U.S., and/or Defendant Attorney General, and/or Defendant Federal Prison and was acting within the scope of his/her agency, contract, and/or employment.

83. Defendant John Doe owed Plaintiff a duty of professional care.

84. Defendant John Doe breached his/her duty of professional care by:

    a. Failing to perform a more extensive exam on Plaintiff's knee, back, and arm;

    b. Failing to properly diagnose Plaintiff medical conditions were getting worse;

    c. Failing to provide appropriate and proper follow up care;

    d. Failing to properly communicate with the staff at the McLean County Jail that Plaintiff needed help obtaining his medication;

19

e. Exposed Plaintiff to further injury by unreasonably delaying to properly treat Plaintiff numerous aliments; and

f. Caused Plaintiff to suffer unnecessary pain by unreasonably delaying to properly treat Plaintiff's numerous aliments.

85. As a direct and proximate cause of Defendant John Doe's aforementioned professional negligence, Plaintiff suffered personal and pecuniary injuries, including but not limited to, unnecessary pain and suffering, emotional distress, mental anguish, and loss of vision.

WHEREFORE PLAINTIFF, WALID H ABDULLA, demands judgment against DEFENDANT, JOHN DOE, in an amount in excess of One Thousand Thousand Dollars ($100,000) and any further relief the Court deems just and proper.

### COUNT IX
### DEFENDANT JANE DOE
### MEDICAL MALPRACTICE

86. Plaintiff incorporates and re-alleges paragraphs one (1) through eighty-six (86), as if fully set out herein.

87. At all relevant times, Defendant Jane Doe was a government agency and/or facility, and/or hospital, and/or clinic providing medical care to inmates in federal prison.

88. Defendant Jane Doe owed Plaintiff a duty of professional and/or ordinary care.

89. Defendant Jane Doe breached its duty of professional and/or ordinary care by:

a. Failing to perform a more extensive exam on Plaintiff's knee, back, and arm;

20

b. Failing to properly diagnose Plaintiff medical conditions were getting worse;

c. Failing to provide appropriate and proper follow up care;

d. Failing to properly communicate with the staff at the McLean County Jail that Plaintiff needed help obtaining his medication;

e. Exposed Plaintiff to further injury by unreasonably delaying to properly treat Plaintiff numerous aliments; and

f. Caused Plaintiff to suffer unnecessary pain by unreasonably delaying to properly treat Plaintiff's numerous aliments.

90. As a direct and proximate cause of Defendant Jane Doe's aforementioned professional negligence, Plaintiff suffered personal and pecuniary injuries, including but not limited to, unnecessary pain and suffering, emotional distress, mental anguish, and loss of vision.

WHEREFORE PLAINTIFF, WALID H ABDULLA, demands judgment against DEFENDANT, JANE DOE, in an amount in excess of One Thousand Dollars ($100,000) and any further relief the Court deems just and proper.

Respectfully submitted,

_____
Attorney for Plaintiff

Walter Anderson
**ANDERSON LAW, LLC**
PO Box 408642
Chicago, IL 60640
P: 312 785 7869
F: 312 277 9091
wanderson@randbmediation.com

21